**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGHTHOUSE RESOURCES INC., | ) ) | Case No. 20-13056 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 27-3184713 | ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| LHR COAL, LLC, | ) ) | Case No. 20-13057 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 27-3184799 | ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| KCP, INC., | ) ) | Case No. 20-13058 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-0532558 | ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| BIG HORN COAL COMPANY, | ) ) | Case No. 20-13059 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-0347087 | ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| ROSEBUD COAL SALES COMPANY, | ) ) | Case No. 20-13060 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-0439016 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| KCP PROPERTIES, INC., | ) | Case No. 20-13061 |
| Debtor. | ) | |
| Tax I.D. No. 46-0978372 | ) | |
| In re: | ) | Chapter 11 |
| DECKER HOLDING CO., LLC, | ) | Case No. 20-13062 |
| Debtor. | ) | |
| Tax I.D. No. 80-0908881 | ) | |
| In re: | ) | Chapter 11 |
| DECKER COAL COMPANY, LLC, | ) | Case No. 20-13063 |
| Debtor. | ) | |
| Tax I.D. No. 47-0533731 | ) | |
| In re: | ) | Chapter 11 |
| MONTANA ROYALTY HOLDINGS, LLC, | ) | Case No. 20-13064 |
| Debtor. | ) | |
| Tax I.D. No. 47-6081107 | ) | |
| In re: | ) | Chapter 11 |
| LHR INFRASTRUCTURE, LLC, | ) | Case No. 20-13065 |
| Debtor. | ) | |
| Tax I.D. No. 27-2969619 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MILLENIUM BULK TERMINALS-LONGVIEW, LLC, | ) | Case No. 20-13066 |
| Debtor. | ) | |
| Tax I.D. No. 27-3710354 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| BARLOW POINT LAND COMPANY, LLC, | ) | Case No. 20-13067 |
| Debtor. | ) | |
| Tax I.D. No. 80-0871398 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| COLUMBIA LAND CO., LLC, | ) | Case No. 20-13068 |
| Debtor. | ) | |
| Tax I.D. No. 35-2496826 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| GULF STATES BULK TERMINAL, LLC, | ) | Case No. 20-13069 |
| Debtor. | ) | |
| Tax I.D. No. 45-3455870 | ) | |

3

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[1]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Lighthouse Resources Inc. (the parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

[*Remainder of this page intentionally left blank.*]

---

[1] The facts and circumstances supporting this motion are set forth in the *Declaration of Darin T. Adlard, Vice President of Finance for Lighthouse Resources Inc., in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously with this motion and incorporated by reference herein. Capitalized terms not defined in this Motion shall have the meaning set forth in the First Day Declaration.

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTHOUSE RESOURCES INC., *et al.*,[1] | ) | Case No. 20-13056 ( ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Lighthouse Resources Inc. (4713), LHR Coal, LLC (4799), KCP, Inc. (2558), Big Horn Coal Company (7087), Rosebud Coal Sales Company (9016), KCP Properties, Inc. (8372), Decker Holding Co., LLC (8881), Decker Coal Company, LLC (3731), Montana Royalty Holdings, LLC (1107), LHR Infrastructure, LLC (9619), Millennium Bulk Terminals-Longview, LLC (0354), Barlow Point Land Company, LLC (1398), Columbia Land Co., LLC (6826), and Gulf States Bulk Terminal, LLC (5870). The location of the Debtors' service address in these chapter 11 cases is 10980 South Jordan Gateway, South Jordan, Utah 84095.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Lighthouse Resources Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Lighthouse Resources Inc. Case No. 20-13056; LHR Coal, LLC, Case No. 20-13057; KCP, Inc., Case No. 20-13058; Big Horn Coal Company, Case No. 20-13059; Rosebud Coal Sales Company, Case No. 20-13060; KCP Properties, Inc., Case No. 20-13061; Decker Holding Co., LLC,

Case No. 20-13062; Decker Coal Company, LLC, Case No. 20-13063; Montana Royalty Holdings, LLC, Case No. 20-13064; LHR Infrastructure, LLC, Case No. 20-13065; Millennium Bulk Terminals-Longview, LLC, Case No. 20-13066; Barlow Point Land Company, LLC, Case No. 20-13067; Columbia Land Co., LLC, Case No. 20-13068; Gulf States Bulk Terminal, LLC, Case No. 20-13069. The docket in Case No. 20-13056 should be consulted for all matters affecting this case.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105, 345, 363, 503, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rules 1015-1, and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

7. The Debtors consist of various active and inactive entities with assets or operations generally related to the coal mining industry.

8. Lead-Debtor Lighthouse Resources Inc. ("Lighthouse") is the ultimate parent of all debtor entities and provides centralized management and administrative services for the Debtors.

9. Debtor LHR Coal, LLC ("LHR Coal"), a wholly owned subsidiary of Lighthouse, owns various subsidiaries with coal-related assets.

   a. **The Decker Project**. LHR Coal is the 100% owner of Debtor Decker Holding Co., LLC, which is the 100% owner of Decker Coal Company, LLC ("Decker Coal") and Montana Royalty Holdings, LLC ("Montana Royalty"). Decker Coal owns a coal mine situated in the northwestern section of the Powder River Basin in Big Horn County, Montana, adjacent to the border of Wyoming (the "Decker Project"). The Decker Project contains approximately 12,000 acres; Decker Coal and Montana Royalty approximately 16,000 acres of the surface estate, with the majority of the mineral estate being mined subject to federal mineral leases.

   b. **Black Butte**. Debtor KCP, Inc. ("KCP") is a party to a Joint Venture Agreement with non-debtor entity Bitter Creek Coal Company ("Bitter Creek"), which is a subsidiary of Anadarko Petroleum Corporation (a subsidiary of Occidental Petroleum). Pursuant to the Joint Venture Agreement, KCP and Bitter Creek each own 50% of the joint venture named Black Butte Coal Company ("Black Butte"). Black Butte operates an open cut (surface) mine in the Green River Basin, located in Sweetwater County, Wyoming. KCP has management rights and operates Black Butte. KCP's only asset is its ownership interest and rights created under the Joint Venture Agreement. KCP does not have any other assets, does not have employees, and is not otherwise a direct party to any agreements associated with Black Butte.

   c. **Inactive Mines**. (a) Debtor Big Horn Coal Company ("Big Horn") is 100% owner of an inactive mine known as the Big Horn coal mine in the northern Powder River Basin in Sheridan County, Wyoming, which is in the final stages of environmental reclamation; and (b)

7

Debtor Rosebud Coal Sales Company ("Rosebud") is 100% owner of the Rosebud coal mine located in the Hanna Basin, Carbon County, Wyoming, which has been fully reclaimed. Big Horn and Rosebud are each 100% owned by LHR Coal.

    d.  **KCP Properties**. Debtor KCP Properties, Inc. ("KCP Properties") owns approximately 3,500 acres of surface estate north of Sheridan, WY directly adjacent to Big Horn.

  10.  **The Millennium Facility.** Debtor LHR Infrastructure, LLC ("LHR Infrastructure"), a wholly owned subsidiary of Lighthouse, owns 100% of Debtors Millennium Bulk Terminals-Longview, LLC ("MBTL") and Gulf States Bulk Terminal, LLC ("Gulf States"). MBTL, in turn, owns certain improvements, leases land and operates on a 540-acre zoned heavy industrial site connected to an aquatic lease allowing for three docks in Cowlitz County on the Columbia River in Longview, Washington (the "Millennium Facility"). MBTL owns certain assets, including buildings, improvements, equipment, rolling stock and vehicles. It leases land from Northwest Alloys, Inc. (a wholly owned subsidiary of Alcoa) (the "Northwest Alloys") under a ground lease with a 60-year primary term with two 10-year renewal options that was executed in 2011. MBTL operates on the aquatic lands as the operator for Northwest Alloys under its Aquatics Land Lease with the Washington Department of Natural Resources. The aquatic lease was issued to Northwest Alloys in 2008 and has a 30-year term. MBTL operates the upland facility as a rail transloading facility and leases space to various tenants. It also has the exclusive right to develop a business to upload, handle, transship, and store various cargoes, including as a coal export terminal for the Decker Project and other customers. MBTL is also 100% owner of Barlow Point Land Company, LLC ("Barlow Point") and Columbia Land Company, LLC ("Columbia"). Barlow Point consists of undeveloped shoreline and tidelands on the Columbia River. Columbia has approximately 100 acres of agricultural land which is currently leased to tenants for agricultural purposes.

4823-4480-2259.v1

11.     On December 3, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' history, events leading up to this case, and bankruptcy plan are described in the First Day Declaration. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Basis for Relief

12.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The fourteen (14) Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

14.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See*, *e.g.*, *In re Things*

4823-4480-2259.v1

*Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 7, 2019) (directing joint administration of chapter 11 cases); *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del Oct. 5, 2018) (same); *In re VER Technologies Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (same); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CCS) (Bankr. D. Del. Dec. 13, 2017) (same).[2]

15.  Given the integrated nature of the Debtors' operations, and that each of the Debtors are liable for the Debtors' funded debt, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

16.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Notice**

17. The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition Lenders; (d) counsel to the Debtors' Sureties, Zurich American Insurance Company, Atlantic Specialty Insurance Company, and Westchester Fire Insurance Company; (e) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate; (f) the office of the attorneys general for the states in which the Debtors operate; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) the Cash Management Banks; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

18. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of Page Left Intentionally Blank*]


WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: December 3, 2020<br>Wilmington, Delaware | Respectfully submitted, |

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone: 302.984.6000
Facsimile: 302.658.1192
Email:  kgood@potteranderson.com
           astulman@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*

Mary Elisabeth Naumann (KY# 88328)
(*pro hac vice* pending)
Chacey Malhouitre (KY# 91019)
(*pro hac vice* pending)
**JACKSON KELLY PLLC**
100 West Main Street, Suite 700
Lexington, KY 40507
Telephone: 859.255.9500
Email:  mnaumann@jacksonkelly.com
chacey.malhouitre@jacksonkelly.com

-and-

Elizabeth Amandus Baker (WV# 11062)
(*pro hac vice* pending)
**JACKSON KELLY PLLC**
500 Lee Street East, Suite 1600
Charleston, WV 25301
Telephone: 304.340.1000
Email:  elizabeth.baker@jacksonkelly.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGHTHOUSE RESOURCES INC., | ) ) | Case No. 20-13056 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 27-3184713 | ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| LHR COAL, LLC, | ) ) | Case No. 20-13057 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 27-3184799 | ) ) | |
| In re: | ) ) | Chapter 11 |
| KCP, INC., | ) ) | Case No. 20-13058 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-0532558 | ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| BIG HORN COAL COMPANY, | ) ) | Case No. 20-13059 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-0347087 | ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| ROSEBUD COAL SALES COMPANY, | ) ) | Case No. 20-13060 |
| Debtor. | ) ) ) | |
| Tax I.D. No. 47-0439016 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| KCP PROPERTIES, INC., | ) | Case No. 20-13061 |
| Debtor. | ) | |
| Tax I.D. No. 46-0978372 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| DECKER HOLDING CO., LLC, | ) | Case No. 20-13062 |
| Debtor. | ) | |
| Tax I.D. No. 80-0908881 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| DECKER COAL COMPANY, LLC, | ) | Case No. 20-13063 |
| Debtor. | ) | |
| Tax I.D. No. 47-0533731 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| MONTANA ROYALTY HOLDINGS, LLC, | ) | Case No. 20-13064 |
| Debtor. | ) | |
| Tax I.D. No. 47-6081107 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| LHR INFRASTRUCTURE, LLC, | ) | Case No. 20-13065 |
| Debtor. | ) | |
| Tax I.D. No. 27-2969619 | ) | |

|  |  |
|---|---|
| In re: | Chapter 11 |
| MILLENIUM BULK TERMINALS-LONGVIEW, LLC, | Case No. 20-13066 |
| Debtor. |  |
| Tax I.D. No. 27-3710354 |  |
| In re: | Chapter 11 |
| BARLOW POINT LAND COMPANY, LLC, | Case No. 20-13067 |
| Debtor. |  |
| Tax I.D. No. 80-0871398 |  |
| In re: | Chapter 11 |
| COLUMBIA LAND CO., LLC, | Case No. 20-13068 |
| Debtor. |  |
| Tax I.D. No. 35-2496826 |  |
| In re: | Chapter 11 |
| GULF STATES BULK TERMINAL, LLC, | Case No. 20-13069 |
| Debtor. |  |
| Tax I.D. No. 45-3455870 |  |

3

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-13056.

3. The caption of the jointly administered cases should read as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4

4823-4480-2259.v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGHTHOUSE RESOURCES INC., *et al.*,[1] | ) ) ) | Case No. 20-13056 |
| Debtors. | ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Lighthouse Resources Inc. (4713), LHR Coal, LLC (4799), KCP, Inc. (2558), Big Horn Coal Company (7087), Rosebud Coal Sales Company (9016), KCP Properties, Inc. (8372), Decker Holding Co., LLC (8881), Decker Coal Company, LLC (3731), Montana Royalty Holdings, LLC (1107), LHR Infrastructure, LLC (9619), Millennium Bulk Terminals-Longview, LLC (0354), Barlow Point Land Company, LLC (1398), Columbia Land Co., LLC (6826), and Gulf States Bulk Terminal, LLC (5870). The location of the Debtors' service address in these chapter 11 cases is 10980 South Jordan Gateway, South Jordan, Utah 84095.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Lighthouse Resources Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Lighthouse Resources Inc. Case No. 20-13056; LHR Coal, LLC, Case No. 20-13057; KCP, Inc., Case No. 20-13058; Big Horn Coal Company, Case No. 20-13059; Rosebud Coal Sales Company, Case No. 20-13060; KCP Properties, Inc., Case No. 20-13061; Decker Holding Co., LLC, Case No. 20-13062; Decker Coal Company, LLC, Case No. 20-13063; Montana Royalty Holdings, LLC, Case No. 20-13064; LHR Infrastructure, LLC, Case No. 20-13065; Millennium Bulk

Terminals-Longview, LLC, Case No. 20-13066; Barlow Point Land Company, LLC, Case No. 20-13067; Columbia Land Co., LLC, Case No. 20-13068; Gulf States Bulk Terminal, LLC, Case No. 20-13069. The docket in Case No. 20-13056 should be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

6